**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Twin City Pipe Trades Service Association, Inc., a Minnesota nonprofit corporation

Plaintiff,

vs.

Doug Olson Plumbing, Inc.,

Defendant.

Civil File No. 01-CV-973 JMR/FLN

**ORDER**

---

This matter came before the Court on October 26, 2001, on Plaintiff's motion for default judgment against Defendant Doug Olson Plumbing, Inc. ("Doug Olson Plumbing"). William A. Cumming appeared for Plaintiff. No one appeared for Defendant.

Based on all the files, records, and proceedings in this matter, and being fully advised in the premises,

IT IS ORDERED that Plaintiff Twin City Pipe Trades Service Association, Inc. have and recover from Defendant Doug Olson Plumbing, the amount of $2,576.80, which represents $1,607.18 of unpaid fringe benefit contributions and liquidated damages, $112.62 in interest, and $857.00 for reasonable costs and attorneys' fees.

IT IS FURTHER ORDERED that Defendant Doug Olson Plumbing is enjoined and required to post a bond in favor of Plaintiff Twin City Pipe Trades Service Association, Inc., approved by the Service Association Board, or deposit cash, in the amount of $4,500.00,

FILED OCT 29 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED OCT 29 2001
DEPUTY CLERK'S INITIALS ______

conditioned and sufficient to pay all the benefit payments due for a period of at least three (3) months in advance.

IT IS FURTHER ORDERED that Defendant Doug Olson Plumbing is further permanently enjoined and required to make its benefit contributions once a week not later than three (3) working days, excluding Saturday, Sunday, and holidays, after the close of the weekly period for which contributions are due.

THERE BEING NO JUST REASON FOR DELAY
LET JUDGMENT BE ENTERED ACCORDINGLY

Dated: October 26, 2001

By ______________________
Judge of the United States District Court

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.